# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| IN RE:<br><br>PLUNGELIFE, LLC<br><br>                        Debtor. | CASE NO: 23-11223-REG-7 |
| DUSTIN M. ROACH, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC M. SHIPPY,<br><br>    Defendant. | CASE NO. 25-AP-1013-REG |

## AGREED JUDGMENT

At Fort Wayne, Indiana, on  July 25, 2025                .

Come now, Dustin M. Roach, Plaintiff, by counsel, and Defendant, Eric M. Shippy, pro se, and, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rule B-9019-1, hereby file this Agreed Judgment as follows:

1. Judgment is hereby entered in favor of Plaintiff and against Defendant in the amount of $75,000.00.

2. Plaintiff's execution on the herein judgment is hereby stayed and deferred provided that the Defendant complies with payment terms set forth herein. So long as Defendant makes timely payments to Plaintiff as scheduled, Plaintiff is to take no action towards execution.

3. Defendant to pay the initial amount of $20,000.00 on or before July 1, 2025.

4. Defendant to make monthly payments to Plaintiff in the amount of $5,000.00 commencing July 16, 2025, with said payments continuing on the 16th of each month thereafter until the entire amount due and owing together with accrued interest is fully satisfied and paid in full.

5. Interest to accrue on any unpaid balance at the rate of ten percent (10%) per annum commencing July 2, 2025. Interest is calculated on a simple interest basis and will continue to accrue until the unpaid balance is paid in full, unless otherwise provided herein. Any reduction in the unpaid balance due to early payment will also include Plaintiff's waiver of accrued interest beyond the reduced amount, provided such early payment is timely and complete.

6. The original judgment amount may be reduced to $70,000.00 if paid in full, together with accrued interest, on or before December 31, 2025.

7. In the event of any default on payment by Defendant and after a five (5) day grace period, Plaintiff is entitled to: 1) file a Notice of Default with the Court, and 2) immediate execution on the then-remaining balance due and owing, together with accrued interest and any costs of collection, without further hearing or order of this Court.

8. Notwithstanding the stay and deferral of execution, the herein judgment nonetheless constitutes a lien upon Defendant's real property pursuant to Indiana Code § 34-55-9-2, effective upon entry and recordation as provided by law.

9. The herein judgment is deemed to be nondischargeable in any bankruptcy filed by the Defendant pursuant to 11 U.S.C. § 523(a)(4).

10. This Agreed Judgment is final and enforceable and constitutes a full and final resolution of the above-captioned adversary proceeding.

SO ORDERED.

*/s/ Robert E. Grant*
Judge, United State Bankruptcy Court

AGREED TO AND APPROVED:

*/s/ Sarah Mustard Heil*
(Sarah Mustard Heil) #26521-02
Counsel for Plaintiff
1340 Westover Road
Fort Wayne, IN  46807
T: (260) 458-1419
E: smustardheillaw@gmail.com

Eric M. Shippy, Defendant, pro se
347 Quell Court
Fort Wayne, Indiana 46845
E: shippy_eric@yahoo.com

Entered on the docket on 7/25/2025.